UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CHRISTOPHER MICHAEL JOHNSON,　)
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　)　　No. 1:18-cv-01611-WTL-DML
　　　　　　　　　　　　　　　　　)
MARK RAND,　　　　　　　　　　　)
LEE RABENSTINE,　　　　　　　　 )
　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　)

**Order Granting *In Forma Pauperis* Status,
Screening Complaint, Dismissing Deficient Claims,
and Ordering Consolidation of Viable Claims Pursuant to Rule 42(a)**

**I. *In Forma Pauperis* Status**

Plaintiff Christopher Michael Johnson's motion for leave to proceed without prepaying fees or costs, Dkt. No. 2, is **granted**. The Court finds that Mr. Johnson does not have the assets or means to pay even an initial partial filing fee. Because the Prison Litigation Reform Act mandates that a prisoner will not be prohibited from bringing a civil action for the reason that he lacks the assets and means to pay an initial partial filing fee, 28 U.S.C. § 1915(b)(4), Mr. Johnson is granted a waiver of payment of the initial partial filing fee in this case. He is still obligated, however, to pay the full three-hundred and fifty dollar ($350). "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Plaintiff's Complaint**

Mr. Johnson asserts that on December 13, 2017, at a home at 2122 Spann Avenue, Indianapolis Police Department SWAT officers Mark Rand and Lee Rabenstine committed the

crime of shooting him with the intent to kill him while other officers were already shooting him. The officers were there executing a no-knock search warrant that Mr. Johnson asserts had not actually been issued at the time of the sudden entry into the home. When defendants burst into his home without warning, he shot at them and several officers returned the gunfire, striking Mr. Johnson at least seven times. Mr. Johnson is now in the Marion County jail on charges flowing from this incident. He filed this suit pursuant to 42 U.S.C. § 1983.

### III. Screening Standard

Because Mr. Johnson is a "prisoner" as defined by 28 U.S.C. § 1915(h), his complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). *Pro se* complaints such as that filed by Mr. Johnson are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### IV. Analysis

Mr. Johnson asserts that the two defendants shot him with an intent to kill, thus committing a crime. But criminal offenses can only be prosecuted by the state, not individuals. *Ball v. City of Indianapolis*, 760 F.3d 636 (7th Cir. 2014). Any intended claims for the crime of shooting with intent to kill are **dismissed**.

Construing the complaint liberally, and considering Mr. Johnson's demand for monetary damages, he states Fourth Amendment civil rights claims against Officers Rand and Rabenstine. These claims **shall proceed**.

However, the Court takes judicial notice that Mr. Johnson is pursuing an action against three other Indianapolis Police Department SWAT officers for the same incident that he described in this case. *See Johnson v. Sibley*, Case Number 1:18-cv-01088-JMS-TAB (S.D. Ind. filed April 9, 2018). In *Sibley* Mr. Johnson is proceeding on Fourth Amendment claims against three other Indianapolis police officers for their conduct in entering his home without a valid warrant and shooting him. The two officers named in the instant case are not mentioned in the first filed case, but the circumstances are the same.

## V. Consolidation

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: . . . (2) consolidate the actions . . . ." Mr. Johnson's two cases involve the same facts and questions of law. The Court therefore orders the consolidation of this case with *Sibley* to avoid unnecessary cost and delay, and to make a more efficient use of judicial resources. The cases will proceed under the first filed case, *Johnson v. Sibley*, Case Number 1:18-cv-01088-JMS-TAB.

To accomplish the consolidation of this case with *Sibley*, **Mr. Johnson is directed to file a motion to amend** his complaint in *Sibley*, **accompanied by a proposed amended complaint** that sets forth all of his Fourth Amendment claims against all five Indianapolis police officers (Arthur Sibley, Robert Stradling, Robert Muller, Mark Rand, and Lee Rabenstine). This motion and proposed amended complaint shall be filed in case number 1:18-cv-01088-JMS-TAB no later

than **June 25, 2018**. Upon compliance with this Order, consolidation will be accomplished and the Court will terminate this action by an order to be entered at that time.

The **clerk is directed** to docket a copy of this Order in number 1:18-cv-01088-JMS-TAB.

### VI. Summary of Actions Taken

The Court has taken or directed the following actions: (1) the motion for leave to proceed *in forma pauperis*, Dkt. No. 2, is **granted**; (2) all "claims" for shooting with intent to kill are **dismissed**; (3) Fourth Amendment civil rights claims against defendants Mark Rand and Lee Rabenstine **shall proceed**; (4) this action **shall be consolidated** with case number 1:18-cv-01088-JMS-TAB, upon completion of the next described action; (5) plaintiff Christopher Johnson, no later than June 25, 2018, **shall file** in *Johnson v. Sibley*, case number 1:18-cv-01088-JMS-TAB, a motion to amend his complaint, with a proposed amended complaint in compliance with Section V of this Order; and (6) the **clerk is directed** to file a copy of this Order in case number 1:18-cv-01088-JMS-TAB.

**IT IS SO ORDERED**.

Date: 6/1/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Christopher Michael Johnson
795224
Marion County Jail
40 South Alabama Street
Indianapolis, IN 46204